Sneed, J.,
delivered ilie opinion of the court.
In the case of Sharp v. Sharp et. al., in the chancery court at Humboldt, which was a bill filed against a trustee and others, to foreclose a trust, a decree was had for the sale of the land conveyed, and at the sale thereof the tract of land was sold to defendant Hess, he being the highest and best bidder. He failed to give his notes, and otherwise comply With the terms of the sale, and the clerk and master so reported the fact. The court thereupon ordered a resale of the land, after confirming the report and setting aside and annulling the sale to Hess in terms, as follows: “It is further ordered and decreed -by the court that the sale of lot No. 5, hereinbefore described, and bid- off by Jas. A. "W. Hess, be set aside, and for nothing held, and the clerk and master, after advertising, will proceed to sell said lot No. 5, etc.”
The land had been bid off by Hess at $10 per acre, and at the resale it was'bought by John P. Shárp at $5'per *604 acre, and the sale to- him confirmed. After the last sale the trustee filed a petition against Hess seeking to hold him liable for the difference between his bid and the amount-for which the land sold at the second sale. The chancellor decreed in accordance with the prayer of the petition, and the defendant Hess has appealed.
The decree was erroneous. In order to have authorized such a decree, the second sale should have been decreed at the risk of Hess. The sale to him had never been confirmed, but it was expressly annulled and set aside. He was entitled to notice that the resale was at his risk. (Dan. Oh. PL & Pr., 1281-1284), and such notice should' have been set forth in the decree. The petition comes too late after the bid ,of Hess had been repudiated by the decree and treated as a nullity.
Let the decree be reversed, and the petition dismissed.